UNIT, The.     See Cases Nos. 2,748, 2,752, and 2,753.

## Case No. 14,404.

UNITED HYDRAULIC COTTON-PRESS CO. v. The ALEXANDER McNEIL.

[20 Int. Rev. Rec. 175.]

District Court, D. Georgia.    Aug. Term, 1874.

MARITIME LIENS—COMPRESSING COTTON—STORAGE —BOARD OF SAILORS—MONEY ADVANCED — MORTGAGE.

1. The bark Alexander McNeil, owned by a citizen of New York travelling in a foreign country, was libelled by various claimants for expenses incurred by her master and her consignee in the port of Savannah. Schuchardt and Sons, of New York, intervened in all of these suits, and claimed the proceeds of the vessel's condemnation by virtue of a mortgage of $30,000 they held against her. Held, that the claims for the compressing of cotton and for its storage upon the vessel were not in the nature of maritime service, and could not be enforced by a suit in rem.

2. The liens for wharfage and dockage, and for the board, as well as for the wages, of the marines employed on the vessel, were the subjects of a maritime lien, the subsistence of the marines being held to be, if not synonymous with wages, at least the complement of wages, and as such entitled to protection.

3. A loan lawfully made to supply wants or necessities of the vessel and upon her credit alone is enforceable by a suit in rem, even though after the advancement of the money the master squanders it, the lender not being responsible for any abuse or misappropriation of the fund.

4. The mortgagees are entitled to the surplus remaining in the registry, after the payment of

all the costs arising out of the subject-matter of the several libels filed, and after all the claims superior in dignity have been paid and discharged.

In admiralty

Mr. Guerard, for libellant.
Jackson, Lawton & Basinger, contra.

ERSKINE, District Judge. The libel states that the bark is owned in New York, and hails from that port; that the master of the bark employed libellant to compress bales of cotton with which she was to be loaded; that the master agreed to pay said libellant sixty cents per bale for compressing the cotton, and twelve and a half cents per band for the extra bands required upon the cotton; that libellant did compress 1,547 bales, and placed 1,114 extra bands on the cotton, and it is now on said bark; that there is now due libellant $1,067.45, etc. After the sale of the bark, by order of this court, libellant filed an amendment to his original libel, alleging that libellant was a wharfinger at the port of Savannah; that the bark lay at the wharf of said libellant for sixty-four days, for which there is due $83.25, and claims a lien upon the bark, her tackle, etc. Schuchardt and Sons, of New York, intervened, and claimed a lien as mortgagee on the bark, etc., as in the other libels filed against the bark and now pending in this court. Proof was made showing that libellant had pressed the said cotton and placed the extra bands upon the bales; the charge for wharfage was also proved to be correct.

I have considered the subject-matter of the original libel with care, but I cannot amplify remedies so far as to entertain this case. The compressing of cotton is mere shore business, performed in cotton presses on land, the sole object being to prepare and fit it for more convenient carriage and stowage. It is not a maritime service and is not suable in rem.

As to the amended libel for wharfage upon the bark Alexander McNeil, of New York, in the state of New York. A lien for wharfage or dockage is somewhat analogous to the lien of material-men which, in this country, is held to be given by general maritime law and to be enforced without regard to possession, and has a priority over express or implied hypothecation. The master and owner of the ship, and the ship herself, or the proceeds arising from her sale by order of a court of admiralty, may be proceeded against in admiralty to enforce the payment of wharfage, dockage, or pierage, whether the vessel lie alongside the wharf or at a distance, and only use the wharf temporarily for boats or cargo.

It is, therefore, adjudged and decreed that the clerk do pay from the proceeds of the sale of the bark in the registry, to libellant $83.25, with interest from the date of the filing of the amended libel, with costs to be taxed by the court.